J-S41036-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AARON FRAZIER | : | |
| | : | |
| Appellant | : | No. 128 EDA 2024 |

Appeal from the PCRA Order Entered November 16, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0006136-2013

BEFORE:  MURRAY, J., KING, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                    **FILED JANUARY 10, 2025**

Aaron Frazier ("Frazier") appeals the denial of his petition under the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The facts on direct appeal established that in June 2012, Frazier was on juvenile probation, subject to GPS electronic monitoring and restricted from entering a zone between Second Street in the east to Broad Street in the west, and Fisher Street in the north to Louden Street in the south. On several occasions in July 2012, the tracking device indicated he passed through the restricted area, and he received warnings from his probation officers.  He later violated his probation again and was placed on house arrest with a Global Positioning Satellite ("GPS") ankle bracelet.  ***See Commonwealth v. Frazier***, 2016 WL 4923795 (Pa. Super. 2016) (memorandum).

---

[1] ***See*** 42 Pa.C.S.A. §§ 9541-9546.

In late August 2012, Frazier cut off the device and absconded. On the night of September 5, 2012, Rashian Morris was sitting on the front porch of his home at 241 Duncannon Street, within the restricted area subject of Frazier's original juvenile probation. Shortly before midnight, David Street and the victim, Willie Withers, joined Morris to smoke cigarettes on his front porch. Street left to use the bathroom. Morris saw three men approach the intersection, one of whom was significantly shorter than the other. The men approached the house and huddled for a discussion next door, after which each pointed a handgun in the direction of Morris and the victim. Morris recognized Frazier as the shortest man and observed his distinctive, red-hooded sweatshirt. *See id*.

Morris and the victim attempted to flee as the shooters fired more than twenty shots; shot four times, the victim collapsed inside the house and died. The police recovered twenty-five fired cartridge cases ("FCCs") near the house. *See id*.

Morris did not identify Frazier that night because he feared for his and his family's safety. Hours later, however, he described one of the shooter's relatively short stature and clothing and identified Frazier, whom he recognized from numerous prior encounters in the neighborhood. In October 2012, Frazier was arrested on an open absconder's warrant and police recovered his cellphone. Police obtained a warrant for the phone and FBI analysis showed the phone was several blocks north of the crime scene

immediately before the murder, around the crime scene when the murder occurred, and minutes after the murder, several blocks away. Morris identified Frazier as the shooter at trial. ***See id***.

In August 2015, a jury convicted Frazier of first-degree murder, conspiracy, attempted murder, multiple firearms offenses, and possessing an instrument of crime. This Court denied his direct appeal. ***See Frazier***, 2016 WL 4923795 (Pa. Super. 2016) (unpublished memorandum). On January 17, 2017, the Pennsylvania Supreme Court denied Frazier's petition for allowance of appeal. ***See Commonwealth v. Frazier***, 165 A.3d 878 (Pa. 2017).

In March 2018, Frazier filed a timely *pro se* PCRA petition. Each of two successive PCRA counsel filed no-merit letters pursuant to ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), and the PCRA court filed a notice of intention to dismiss pursuant to Pa.R.Crim.P. 907, to which Frazier responded. The PCRA court dismissed Frazier's petition in January 2019. This Court dismissed Frazier's subsequent appeal when he failed to file an appellate brief.

In March 2023, Frazier filed a second PCRA petition ***pro se***, asserting after-discovered evidence in the form of an affidavit from a man named Emerson Mozee, who claimed he saw someone other than Frazier commit the murder. The PCRA court appointed counsel and held a hearing on Frazier's claim.

The PCRA court summarized the evidentiary hearing and its factual finding as follows:

> Emerson Mozee testified at the evidentiary hearing, but this [c]ourt found him incredible. Mozee claimed that, on September 6, 2012, after midnight in the area of 2nd and Duncannon Streets, he witnessed three males wearing hoodies commit a shooting. One of the shooters was wearing a red hoodie and ran into him while the shooter was running away from the scene following the incident. When the shooter in the red hoodie ran into him, the shooter's hood fell and Mozee was allegedly able to identify him as Anthony Walker.[2] Mozee asserted that he could not identify the other two shooters because he couldn't really see them, but stated they were wearing dark-colored hoodies. He claimed that the other two shooters ran in the same direction as Walker, but they ran in the middle of the street, while Walker ran down the sidewalk where Mozee was standing as the shooting occurred. [**See,**] N.T.[,] 6/16/23[,] at 6-12.
>
> Mozee alleged that he did not tell anyone about witnessing this shooting until ten years later in September 2022[,] when he began talking to [Frazier] after he was transferred to the same state correctional institution as Mozee. After discussing their cases, Mozee realized he had witnessed the murder that [Frazier] was convicted of committing. Mozee stated that he knew [Frazier] from around the neighborhood and knew he was not the shooter wearing a red hoodie that night. Mozee acknowledged that [Frazier] knew his older sister, Amanda Jackson, and was aware that they spoke to each other as [Frazier] would ask his sister about him. Mozee admitted that he told his sister and friends from their neighborhood about [Frazier] after he saw him at SCI Huntingdon. While [Frazier] was incarcerated, Mozee's sister provided money to [Frazier] on several occasions starting in July 2020. [**See**] N.T.[,] 6/16/23[,] at 12-14, 24-31, 38-43, 48-55.

**See** PCRA Court Opinion, 11/16/23, at 6-7.

_____

2 Mozee testified Walker is now deceased. See N.T., 6/16/23, at 26.

- 4 -

After the hearing, Frazier filed a supplemental PCRA petition asserting new claims of after-discovered evidence and a violation of **Brady v. Maryland**, 373 U.S. 83 (1963), based on the failure to disclose a police Tipline memo ("the Tipline Memo") that an unidentified woman gave an anonymous tip two days after the murder that she knew the victim and heard "his boyfriend 'Rashine' set him up." **See** PCRA Court Opinion, 11/16/23, at 8; Frazier's Supplemental PCRA Petition, 8/17/23, at 13-19. The court subsequently issued a notice of intent to dismiss the case under Pa.R.Crim.P. 907 and dismissed the case in November 2023. Frazier filed a timely notice of appeal. The court did not order him to file a Rule 1925(b) statement.

On appeal, Frazier submits the following issue for our review:

> Did the PCRA [c]ourt err when it dismissed [Frazier's] after-discovered evidence and **Brady** claims based on the disclosure of the Police Tipline Memorandum discovered in the [h]omicide [f]ile provided to [Frazier] which had never been previously disclosed?

Frazier's Brief at 4.[3]

Frazier's claim implicates the government interference and newly discovered exceptions to the jurisdictional time bar.

Our standard of review of an order dismissing a PCRA petition is well-settled:

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the

_____

[3] Frazier abandons on appeal any claim concerning Mozee's after-discovered evidence.

evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).[4]

Pennsylvania courts may consider an untimely PCRA petition if the petitioner explicitly pleads and proves one of three exceptions set forth under section 9545(b)(1), which provides:

**(b) Time for filing petition.—**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of

---

[4] A judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review. ***See*** 42 Pa.C.S.A. § 9545(b)(3).

Frazier's judgment of sentence became final on April 18, 2017, ninety days after the January 17, 2017, denial of his petition for Pennsylvania Supreme Court review when his time for filing a petition for writ of *certiorari* expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3); ***see also*** U.S. Sup. Ct. R. 13.1. Frazier had until April 18, 2018, to file the instant PCRA petition, but did not do so until March 2023. Thus, Frazier's petition is facially untimely under the PCRA, which would preclude review of the merits of the issues raised in the petition, absent a time-bar exception. ***See Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010).

interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1).  A PCRA court has no jurisdiction to entertain an untimely PCRA petition unless the petitioner can plead and prove a time-bar exception and the exercise of due diligence in discovering his claim.  *See* *Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 784 (Pa. 2000); 42 Pa.C.S.A. § 9545(b)(2).

A *Brady* violation occurs when a defendant establishes each of three elements:

(1) the evidence at issue is favorable to the accused, either because it is exculpatory or impeaching; (2) the evidence was suppressed by the prosecution, even if inadvertently; and (3) the evidence is material.

*Commonwealth v. Dowling*, 316 A.3d 32, 42 (Pa. 2024).  Where withheld evidence has no reasonable likelihood of affecting the trial verdict, a defendant fails to demonstrate materiality.  *See id*. at 47.  *Cf*. *Commonwealth v. Weiss*, 81 A.3d 767, 784 (Pa. 2013) (to receive a new trial, the defendant must demonstrate that evidence concerning the reliability of the witness may well have been determinative of guilt or innocence).

An after-discovered evidence claim requires a petitioner to demonstrate that new evidence: "(1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted." **Commonwealth v. Small**, 189 A.3d 961, 972 (Pa. 2018); **see also** 42 Pa.C.S.A. § 9543(a)(2)(vi). After-discovered evidence must be "producible and admissible." **Commonwealth v. Chamberlain**, 30 A.3d 381, 414 (Pa. 2011).

Frazier asserts the Tipline Memo meets the government interference and newly-discovered facts time-bar exceptions, and it constitutes after-discovered evidence because it provides an alternate suspect with a clear motive. He additionally asserts the Commonwealth violated **Brady** by failing to disclose the Tipline Memo. **See** Frazier's Brief at 8-13. Concerning prejudice, he asserts knowledge of the report of a different suspect would have aided the preparation of the defense at trial. **See id**. at 12-13.

The PCRA court found Frazier's claims reviewable under the newly discovered evidence exception[5] but found them meritless. **See** PCRA Court

_____

[5] The PCRA court questioned whether Frazier asserted his claim with the exercise of due diligence because he could have sought to review the police homicide file earlier but noted the Commonwealth's brief assumed the claim was timely filed. **See** PCRA Court Opinion, 11/16/23, at 11, n.4.

Opinion, 11/16/23, at 11, 14. The court found the Tipline Memo, even if assumed to have been suppressed, does not tend to show Frazier did not commit the shooting because "[e]vidence that someone else may have set the [victim] up to be murdered does not establish that [Frazier] was not the shooter." *See id*. at 14. The court further noted overwhelming evidence established Frazier's guilt, including the testimony of a survivor of the shooting who knew Frazier from the neighborhood and identified Frazier at his preliminary hearing and trial, and cellphone records establishing Frazier's phone was present in the area of the crime at the time it occurred and departed the area immediately after the shooting. *See id*. at 6, 14-15.

The PCRA court properly denied Frazier's claims. The court correctly noted the anonymous tip does not tend to prove Frazier was not the killer and was unlikely to produce a different result given the overwhelming evidence of Frazier's guilt. Because it was unlikely to produce a different result, the Tipline Memo is not material under *Brady*. *See Dowling*, 316 A.3d at 42. Additionally, the Tipline Memo is double hearsay and does not constitute after-discovered evidence. *See Chamberlain*, 30 A.3d at 414.[6] For these reasons, Frazier's claims fail.

Order affirmed.

---

[6] Although the PCRA court did not cite this authority, we are free to affirm its decision on any proper basis. *See Commonwealth v. Lehman*, 275 A.3d 513, 520 n.5 (Pa. Super. 2022).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 1/10/2025